IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DWIGHT L. SHIVERS, JR., :
      Plaintiff, :
      v. : Civil Action No. 17-964-RGA
SUSSEX CORRECTIONAL :
INSTITUTION and CONNECTIONS, :
      Defendants. :

Dwight L. Shivers, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 14, 2017
Wilmington, Delaware

{{signature}}
ANDREWS, U.S. District Judge:

Plaintiff Dwight L. Shivers, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). Plaintiff was a pretrial detainee housed at the Sussex Correctional Institution when he commenced this action. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff alleges that on June 25, 2017, he discovered the mattress he slept on was growing active mold. He informed several correctional officers and supervisors about the problem, none of whom did anything to correct the situation. As a result of the mold, Plaintiff began itching and developed rashes and bumps covering the lower half of his body and his feet. He submitted sick call slips to see a nurse.

Plaintiff asked a nurse who was administering medications to check him out and was laughed at. Plaintiff returned to his cell untreated. By the next evening, Plaintiff's legs were bleeding because he had been itching and scratching. That evening he saw a nurse who told Plaintiff he would see a physician the first thing in the morning. Plaintiff did not see a physician for over three days. At that time, the physician told Plaintiff the condition was probably caused by the water. Plaintiff was given medication for the inflammation and told to return if the medication did not work. Plaintiff returned

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

because the medication was ineffective, and he was given some cream. Plaintiff alleges that he has submitted more than three sick call slips and has not received a response. He is in agony and has bumps all over his body. Plaintiff seeks compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional"

factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at

3

679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment Immunity**

The SCI, a named defendant, falls under the umbrella of the Delaware Department of Correction. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the SCI is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the claims against the SCI pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

**Medical Service Provider**

The second named defendant, Connections, is the medical service provider for the DOC. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable under § 1983 , he must allege a policy or custom that demonstrates "deliberate indifference." *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). In order to establish that Connections is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of a defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584.

While the complaint references acts taken by medical personnel, it does not speak to the policies or customs of Connections or allege that those policies or customs resulted in a constitutional violation. The Complaint, therefore, fail to state a claim upon which relief may be granted and the claims against Connections will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Deficient Allegations**

Plaintiff attempts to raise conditions of confinement claims and medical needs claims under the Eighth Amendment. However, as discussed, the allegations are deficiently pled. Since it appears plausible that Plaintiff may be able to articulate a claim against Defendant Connections or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint based upon immunity from suit and for failure to state a claim upon which relief may be granted pursuant to U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2). Plaintiff will be given leave to amend the complaint.

An appropriate order will be entered.