IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DWIGHT L. SHIVERS, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 17-964-RGA
:
CONNECTIONS, et al., :
:
    Defendants. :

Dwight L. Shivers, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant Connections.

Stewart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants C/O Diaz, C/O Charles, Lt. Bowden, and C/O McCarthy.

**MEMORANDUM OPINION**

February 11, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Dwight L. Shivers, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He filed an amended complaint on December 1, 2017. (D.I. 14). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Before the Court are Defendant Connections Community Support Programs, Inc.'s motion to dismiss and Plaintiff's request for counsel. (D.I. 28, 32). Briefing is complete.

## BACKGROUND

The Court screened the Amended Complaint on January 8, 2018, and identified cognizable and non-frivolous claims. (*See* D.I. 15). Connections moves to dismiss pursuant to Rule 12(b)(6) on the grounds that the allegations fail to state a cognizable claim against it because Plaintiff has not identified a specific policy or practice of Connections that is constitutionally deficient.

## MOTION TO DISMISS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys.*,

2

*Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories. *Id.* Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where "the inadequacy of existing practice [is] so likely to result in the violation of constitutional rights[] that the policymaker can reasonably be said to have been deliberately indifferent to the need." *See Natale*, 318 F.3d at 584.

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller*, 802 F.Supp. at 1132.

As noted above, Connections argues dismissal is appropriate because the Amended Complaint does not allege it has a deficient policy or procedure. It contends

3

that Plaintiff's vague allegations are insufficient to plead a policy or practices claim of Eighth Amendment deliberate indifference.

In the Amended Complaint, Plaintiff alleges that he submitted multiple sick calls and grievances that were either ignored or responded to weeks after submission, all relating to the same medical issues. There is no dispute that Connections is responsible for inmate care at VCC. The Amended Complaint alleges that Plaintiff suffered from scabies for over two months because he was either denied treatment or received insufficient treatment. Plaintiff is not required to recite the specific text or official policy. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations as I must, Plaintiff adequately states a claim against Connections. The Amended Complaint's facts include that Plaintiff's requests for medical treatment are continually denied or delayed, and are sufficient to allege a custom or practice condoned by Connections.[2] While discovery may show that Defendant acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against Defendant. Therefore, the Court will deny the motion to dismiss. (D.I. 28).

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot obtain and afford counsel, counsel would serve the best interest of justice, his allegations if proved

---

[2] Plaintiff's allegation essentially is that Connections' actual policy is different than its stated policy.

4

would establish a constitutional violation, and he needs assistance in obtaining his medical records. (D.I. 32).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact (and, given the early stage of the case, this assumption is presently

---
[3] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

unwarranted) and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date and this case is in its early stages. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 32). Should the need for counsel arise later, one can be sought at that time.

## CONCLUSION

For the above reasons, the Court will: (1) deny Connections Community Support Programs, Inc.'s motion to dismiss (D.I. 28); and (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 32).

An appropriate order will be entered.