IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DWIGHT L. SHIVERS, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-964-RGA |
| CONNECTIONS, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this 20 day of Novembers 2019, having considered Plaintiff's renewed requests for counsel (D.I. 50, 78);

IT IS ORDERED that Plaintiff's requests for counsel (D.I. 50, 78) are DENIED without prejudice to renew, for the reasons that follow:

Plaintiff Dwight L. Shivers, Sr., appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5). He seeks counsel on the grounds that he is unable to afford counsel and has sought counsel on multiple occasions to no avail, the issues are complex, he has not received responses to discovery and was provided with medical records belonging to another inmate, his allegations if proved would establish a constitutional violation, the discovery process is difficult due to his incarceration, and he has no idea what to do next. (D.I. 50, 78). State Defendants oppose.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1]  See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)

1

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney to volunteer to represent Plaintiff is warranted. To date Plaintiff has ably represented himself. The Court docket reflects that Plaintiff has engaged in the discovery process in both seeking

---

(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling atorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

discovery and responding to discovery requests. In addition, the Court has given Plaintiff additional time to respond to discovery requests. With regard to Plaintiff's contention that he was provided medical records for another inmate, counsel for State Defendants reviewed the medical records produced and determined they belonged to Plaintiff despite some "marginal notes that may have been inadvertently added by Connections' counsel." (D.I. 84 at 3). In light of the foregoing, I will deny Plaintiff's renewed requests for counsel without prejudice to renew.

UNITED STATES DISTRICT JUDGE